# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2020

No. 20-10065

Lyle W. Cayce
Clerk

In re:  ERIC C DARDEN, as Administrator of the Estate of Jermaine Darden
and on behalf of the statutory beneficiaries of the Estate of Jermaine Darden,

Petitioner

Petition for a Writ of Mandamus to the
United States District Court for the Northern District of Texas

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Eric Darden petitions this court for a writ of mandamus challenging certain jury instructions.  He claims that the district court intends to provide the jury with instructions that are inconsistent with our decision in an earlier appeal.  *See Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir. 2018).

In our prior opinion, we found that the district court erred in holding that the plaintiff, Eric Darden, could not show that Jermaine Darden's death resulted directly and only from the officers' use of force against him.  *See id.* at 728.  We explained that a tortfeasor "takes his victim as he finds him." *Id.*  We reversed the district court's dismissal of the claims against the police officers and remanded for further proceedings.  *Id.* at 734.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 20-10065

The case proceeded on remand, and the district court issued an order which included as an exhibit a verdict form with jury instructions. Petitioner Eric Darden filed a written objection to these instructions, which the district court overruled. Darden now petitions this court for a writ of mandamus "order[ing] the district court to conform its jury instructions to this Court's prior ruling." The trial is scheduled to begin on Monday, February 10, 2020.

Three conditions must be met before a writ of mandamus may issue. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). First, the petitioner "must have no other adequate means to attain the relief he desires." *Id.* Second, the petitioner must demonstrate that his right "to issuance of the writ is clear and indisputable." *Id.* at 381. Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

Darden has other adequate means to attain the relief he desires. We are satisfied that on these facts, a writ of mandamus would be inappropriate. Nevertheless, we suggest that the following additional question in the verdict form, one for each officer, upon which the jury's other findings would not be conditioned, would clearly comply with this court's prior opinion and possibly avoid another appeal regarding these instructions after a verdict.

QUESTION NO. [#]

Do you find from a preponderance of the evidence that [officer's name] knew or should have known of the existence and extent of Jermaine Darden's preexisting conditions?

The petition for a writ of mandamus is DENIED.